United States District Court
District of Connecticut
FILED AT   NEW HAVEN
Jan   15   2015
Roberta D. Tabora, Clerk
By P. a. Villano
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:08cr76 (JBA) |
|---|---|
| v. | |
| MAURICE ARMOND | January 15, 2015 |

### ORDER ON DEFENDANT'S MOTION TO REDUCE
### SENTENCE PURSUANT TO 18 U.S.C. § 3582

Defendant Maurice Armond moves [Doc. # 289] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 782 to the United States Sentencing Guidelines, which effective November 1, 2014, reduced the base offense level applicable to his offense. For the reasons that follow, Defendant's motion is granted.

**I.   Background**

On May 15, 2008, Mr. Armond pled guilty to conspiracy to possess with the intent to distribute and to distribute more than 100 grams of phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. At the sentencing hearing on October 1, 2008, the late Honorable Peter C. Dorsey determined that Mr. Armond's adjusted base offense level was 25 and Defendant was in Criminal History Category VI, resulting in a guideline range of 110 to 137 months' imprisonment. Judge Dorsey sentenced Mr. Armond at the bottom of that range, imposing a 110 month term of imprisonment.

**II.   Discussion**

Section 3582(c)(2) authorizes a court to reduce a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In

doing so, the court is directed to consider "the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*, namely § 1B1.10 of the Guidelines addressing resentencing, *see Dillon v. United States*, 560 U.S. 817, 826 (2010).

"This rule—namely, that resentencings pursuant to § 3582(c)(2) must be consistent with the applicable Guidelines policy statement—is mandatory. Accordingly, § 3582(c)(2) does not authorize 'a plenary resentencing proceeding' and the resentencing court must treat the Guidelines as binding—not as 'advisory' as it would at a defendant's initial sentencing" under *United States v. Booker*, 543 U.S. 220 (2005), which does not apply to a resentencing proceeding. *United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013) (quoting *Dillon*, 560 U.S. at 826).

"Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Dillon*, 560 U.S. at 826. Rather "the limited nature of § 3582(c)(2) proceedings" requires that a sentencing court first determine if a defendant is eligible for a reduced sentenced under amended Guideline provisions, and if so, the extent of the reduction authorized. *Id.* "Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution" unless "the sentencing court originally imposed a term of imprisonment below the Guidelines range" in which case "§ 1B1.10 authorizes a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* at 827.

2

At step two of the inquiry, a court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.*

The decision whether and to what extent to reduce a sentence under an amended Guidelines provision is left to the discretion of the sentencing court. *See United States v. Thomas*, 361 F. App'x 174, 175 (2d Cir. 2010) ("Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that defendant's term of imprisonment."); *see also United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) ("The statute thus confers upon the district court substantial discretion—within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission—to decide whether a sentence reduction is warranted."). In exercising this discretion, a court can consider a defendant's prison record since his original sentencing date. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) ("[A]n inmate's conduct while in prison is a relevant factor for a district court to consider on resentencing.").

The Government and Probation Office both agree that Amendment 782 reduces Defendant's adjusted offense level from 25 to 23, which at Criminal History Category VI results in a guideline sentencing range of 92 to 115 months' imprisonment. (*See* Addendum to PSR [Doc. # 295]; Gov't's Resp. [Doc. # 298] at 2.) Therefore, applying the

3

two-step process for a § 3582(c)(2) resentencing, it is undisputed that Mr. Armond is eligible for resentencing and that under U.S.S.G. § 1B1.10(b)(2), the Court does not have discretion to sentence him below the amended guideline range of 92 to 115 months. At step two, the Court considers the 18 U.S.C. § 3553(a) factors, including post-conviction conduct, to determine whether to exercise its discretion to reduce Mr. Armond's sentence. The Government notes that Mr. Armond has received one disciplinary citation while incarcerated for refusing a work or program assignment but "does not believe that this conduct should prevent this Court from reducing the defendant's current sentence to the low end of the amended guideline range." (Gov.'t's Resp. at 10.)

The Court agrees that Mr. Armond's single disciplinary blemish should not preclude him from receiving a sentence reduction and concludes that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to reflect the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction would be an appropriate step toward alleviating "the significant overcapacity and costs" of federal prisons. U.S.S.G. Amendment 782 (policy statement). Because Mr. Armond's original sentence was at the bottom of the applicable guideline range, his term of imprisonment will be reduced to the bottom of the revised guideline range, 92 months, and all other aspects of the original sentence shall remain in effect. Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is

November 1, 2015, or later." Therefore, this Order shall not take effect until November 1, 2015.[1]

### III. Conclusion

For the reasons set forth above, Defendant's Motion [Doc. # 289] to Reduce Sentence is GRANTED and, effective November 1, 2015, his term of imprisonment is reduced to 92 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of January, 2015.

---

[1] An application note to the Guidelines explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment. (n.6).